Kenneth L. Valinoti, Esq. (SBN 118442)
VALINOTI & DITO, LLP
180 Montgomery Street, Suite 940
San Francisco, California  94104-4223
Telephone:  (415) 986-1338
Facsimile:   (415) 986-1231
Email:   kvalinoti@valinoti-dito.com

Attorneys for Plaintiff Francis J. Navin

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(San Francisco Division)

| | |
|---|---|
| FRANCIS J. NAVIN, an individual,<br><br>　　　Plaintiff,<br><br>vs.<br><br>ALASKA COASTAL MARINE SERVICES COMPANY, an Alaska Corporation<br><br>　　　Defendants. | Case No.<br><br>COMPLAINT FOR DAMAGES<br><br>Cause of Action for Negligence |

　　　Plaintiff FRANCIS J. NAVIN, by his undersigned counsel, complains of Defendant, and alleges as follows:

I.  JURISDICTION AND VENUE

　　　1.　　This Court has original and supplemental jurisdiction over this action pursuant to Federal Rule of Civil Procedure 9(h) and 28 U.S.C. § 1333 because the subject of this complaint is a matter of Admiralty and maritime law.  The tort alleged herein occurred on navigable water.

　　　2.　　Venue is properly laid in this district because a substantial part of the events or omissions giving rise to the claim occurred in this district, and because Plaintiff is informed and

believes that Defendant a) advertises, holds trade shows, books trips and makes reservations in this district, b) has a general agent in the district, c) accepts money from and otherwise provides services beyond mere solicitation in this district. Lastly, venue is proper in this district because Defendant, as a corporation, is otherwise subject to personal jurisdiction in and thus deemed to reside in this district under the 28 U.S.C. § 1391(c).

## II. PARTIES

**A.    Plaintiff:**

3.    At all times herein mentioned, Plaintiff Francis J. Navin is and was a resident of the City of Half Moon Bay, San Mateo County, California. Plaintiff suffered injuries onboard the Defendant's charter fishing vessel, *Foxfire*, in navigable waters off the coast of Alaska on June 13, 2004.

**B.    Defendants:**

4.    Defendant ALASKA COASTAL MARINE SERVICES COMPANY ("ALASKA COASTAL MARINE") is a licensed Alaska Corporation that owns and operates a charter fishing boat, *Foxfire*, on which Plaintiff was injured. Defendant lists it primary place of business with the Alaska Secretary of State in Soldotna, Alaska, and its charter fishing fleet, including the *Foxfire*, operates out of Homer, Alaska.

## III. CLAIM FOR RELIEF

5.    Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 through 4 of this Complaint as though fully set forth herein.

6.    On June 13, 2004 Plaintiff was in navigable waters off of the coast of Alaska as a passenger aboard Defendants' charter fishing vessel, *Firefox*, when he tripped over a hazard on the deck and was injured. Specifically, after catching a fish and having it netted and taken off his line by the deckhand, Plaintiff was directed by the deckhand to the stern of the boat for re-baiting of his hook. The deckhand, an employee acting in the course and scope of, and in furtherance of, his employment with Defendant, failed to advise and warn Plaintiff that the anchor was deployed and that the anchor cable was pulled taught just inches above the bow deck and creating a tripping hazard.

Valinoti
& Dito LLP
Attorneys At Law

7. Following the deckhand's instructions, Plaintiff turned from his position at the bow to the stern of the boat and subsequently tripped across the taught anchor cable, falling forward onto his stomach and causing him severe injuries.

8. Defendant knew or had reason to know that the anchor was deployed and that its cable, pulled taught across the deck as it was, constituted a dangerous condition to persons aboard the vessel, including Plaintiff.

9. Defendant, by and through its employees aboard the *Foxfire*, owed a ordinary and reasonable standard of care to Plaintiff under the circumstances to warn him of the hazard that he was to cross on his way astern. Under the circumstances the risk of injury to Plaintiff was or should have been foreseeable to Defendant.

10. As a proximate result of the negligence of Defendant and its employees, Plaintiff was caused to suffer severe, painful and permanent injuries, all to his damage in a sum to be established by proof at trial.

WHEREFORE, Plaintiff prays for judgment as set forth below.

### PRAYER FOR RELIEF

(a) For general damages according to proof;

(b) For special damages according to proof;

(c) For interest to the extent allowed by law;

(d) For costs of suit herein; and

(e) For such further relief as the Court may deem proper.

Dated: June 12, 2007

VALINOTI & DITO, LLP

**KENNETH L. VALINOTI**

By: _____
Kenneth L. Valinoti, Esq.
Attorneys for Plaintiff Francis J. Navin